**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| **GREGORY P. MANGO,** ) | |
| ) | Case No. 1: 24-cv-04490-AKH |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **VOX MEDIA, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

_____ )


**DEFENDANT VOX MEDIA, LLC'S MEMORANDUM OF LAW IN SUPPORT OF**
<u>**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**</u>


STEPTOE & JOHNSON PLLC

Shane M. Rumbaugh [5985957]
Tel: (412) 504-8145
Email: shane.rumbaugh@steptoe-johnson.com
Jennifer P. Richnafsky [4923595]
Tel : (412) 504-8018
Email : jen.richnafsky@steptoe-johnson.com

One PPG Place, Suite 3300
Pittsburgh, PA 15222

*Attorneys for Defendant Vox Media, LLC*

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ............................................................................................. 1

II.     FACTUAL BACKGROUND .........................................................................4

III.    ARGUMENT .................................................................................................. 5

        a.  Standard of Review ............................................................................5

        b.  Mr. Mango's Claims Are Barred by the Copyright Act's
            Three-Year Statute of Limitations....................................................6

IV.     CONCLUSION ............................................................................................12

## **TABLE OF AUTHORITIES**

Page(s)

Cases

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .................................................................................... 6

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .................................................................................. 4, 6

*Chambers v. Time Warner, Inc.*,
 282 F.3d 147 (2d Cir. 2002) ....................................................................... 6

*Goldstein v. Pataki*,
 516 F.3d 50 (2d Cir. 2008) ......................................................................... 6

*Kramer v. Time Warner, Inc.*,
 937 F.2d 767 (2d Cir. 1991) ...................................................................... 10

*Kronisch v. United States*,
 150 F.3d 112 (2d Cir. 1998) ...................................................................... 10

*Lixenberg v. Complex Media, Inc.*, No. 22-CV-354,
 2023 US Dist. LEXIS 4510, at *2 (S.D.N.Y. Jan. 10, 2023) ................. 11,12

*Matter of Liebowtiz*,
 155 N.Y.S.3d 440 (N.Y.A.D. 2021) ............................................................ 2

*McDermott v. Monday Monday, LLC*,
 2018 WL 5312903 (S.D.N.Y. 2018) ............................................................ 2

*Merck & Co., Inc. v. Reynolds*,
 559 U.S. 633 (2010) ................................................................................. 10

*Michael Grecco Productions. v. RADesign, Inc.*,
 678 F. Supp. 3d 405 (S.D.N.Y. 2023) ......................................................... 8

*Minden Pictures, Inc. v. Buzzfeed, Inc.*,
 390 F. Supp. 3d 461 (S.D.N.Y. 2019) ............................................... 8, 10, 11

*Minden Pictures, Inc. v. Complex Media, Inc.*,
 No. 22-CV-4069, 2023 US Dist. LEXIS 52070 (S.D.N.Y. Mar. 27, 2023) .............................. 8,11

*Pani v. Empire Blue Cross Blue Shield*,
 152 F.3d 67 (2d Cir. 1998) ......................................................................... 6

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
 572 U.S. 663 (2014) ................................................................................. 7, 8

*Psihoyos v. John Wiley & Sons, Inc.*,
 748 F.3d 120 (2d Cir. 2014) ........................................................................ 9

*RADesign, Inc.*,
 678 F. Supp. at 410 ................................................................................... 11

*Sohm v. Scholastic Inc.*,
 959 F.3d 39 (2d Cir. 2020) .......................................................................... 9

*Staehr v. Hartford Fin. Services Group*,
 547 F.3d 406 (2d Cir. 2008) ...................................................................... 10

*Warner Chappell Music, Inc. v. Nealy*,
 ___ U.S. ___, 144 S.Ct. 1135 (2024) .......................................................... 9

*Williams v. N.Y. City Hous. Auth.*,
 816 F. App'x 532 (2d Cir. 2020) .................................................................. 6

Statutes

17 U.S.C. § 101 ........................................................................................................ 5

17 U.S.C. § 501(a) .................................................................................................... 7

17 U.S.C. § 505 ........................................................................................................ 4

17 U.S.C. § 507(b) .................................................................................................... 7

17 U.S.C. §§ 102(a), 106 .......................................................................................... 7

Rules

Fed. R. Civ. P. 12(b)(6) ................................................................................ 1, 4, 5, 6

Fed. R. Evid. 201(c) .................................................................................................. 6

Fed. R. Evid. 201(b) .................................................................................................. 6

Defendant Vox Media, LLC ("Vox Media"), by and through its undersigned counsel, files this Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) and, in support thereof, states as follows.

## **INTRODUCTION**

Vox Media is one of a growing number of victims of frivolous copyright infringement claims. It was sued by nine different plaintiffs in rapid succession, including five (5) federal lawsuits on behalf of five (5) different defendants on the same day against Vox Media, including the above captioned lawsuit. It followed four (4) other federal lawsuits filed on behalf of four (4) other defendants in the weeks prior – all nine lawsuits were filed by the same law firm.

Many of these disputes involve copyright claims that accrued years ago and thus delays have prejudiced Vox Media's ability to trace the origins of the usages. Additionally, responding to numerous allegations is both time consuming and expensive.

The time and expense required to resolve these claims is a feature – not a bug – of the litigation tactics deployed by Plaintiff's law firm.[1] In short, Plaintiff is a participant in a "shock and awe" campaign against Vox Media. Each of the plaintiffs above demand exorbitant payments that far exceed the true market value for such content.

Plaintiff's prior copyright counsel, Richard Liebowitz, had his law license suspended indefinitely by the New York Supreme Court, Appellate Division. *Matter of Liebowtiz*, 155

---

[1] On a cursory review of Pacer records in the last 12-months alone, it appears Plaintiff's law firm filed six (6) federal lawsuits against Blaze Media, LLC on the same day on behalf of six (6) different plaintiffs; eight (8) federal lawsuits against Nexstar Media, Inc. on behalf of eight (8) different plaintiffs in the same month (four on one day and four on the other); twelve (12) different federal lawsuits on behalf of twelve (12) different plaintiffs against Valnet Inc. within 72 hours of one another (followed by three (3) additional lawsuits on behalf of three (3) additional plaintiffs in the following week); eleven (11) different lawsuits on behalf of eleven (11) different plaintiffs against Townsquare Media, Inc. within 72 hours of one another (followed by six (6) additional lawsuits on behalf of six (6) additional plaintiffs two weeks later). See more examples in Exhibit A attached hereto.

N.Y.S.3d 440 (N.Y.A.D. 2021). The New York court concluded that Plaintiff's prior counsel had "made a mockery of orderly litigation processes." *Id.* The Southern District of New York has also criticized Mr. Liebowitz's behavior: "[a]s evidenced by the astonishing volume of filings coupled with an astonishing rate of voluntary dismissals and quick settlements in Mr. Liebowitz's cases in this district, it is undisputable that Mr. Liebowitz is a copyright troll." *McDermott v. Monday Monday, LLC*, 2018 WL 5312903 *3 (S.D.N.Y. 2018).   It appears that Plaintiff's current counsel acquired the Liebowitz Law Firm following the sanctions against Mr. Liebowitz. See Exhibit B.

Old habits die hard. Here, ***the Plaintiff already filed a lawsuit involving the same article and same image five years ago against Group Nine Media, Inc, a company that is now a wholly owned subsidiary of Vox Media.[2]*** Apparently, to avoid a motion to dismiss (for being outside the statute of limitations), Plaintiff incredibly claims that he first learned of the "infringements" on December 29, 2023.

> 38.      Plaintiff first observed the Infringements and Defendant's violation of the DMCA on ==December 29, 2023==

According to the Complaint, the supposed "infringement" is based on an image published on The Dodo.



---

[2] Vox Media Holdings, Inc, Vox Media's parent company, acquired Group Nine Media, Inc. on February 22, 2022.

Yet, claiming infringement based on the exact same URL, Plaintiff filed a lawsuit against Group Nine Media, Inc. on July 15, 2019.



Defendant unequivocally knows that Plaintiff is misrepresenting the date he first learned of the article in question. Clearly, Plaintiff was aware of the article at least as early as July 15, 2019 – when he filed a lawsuit concerning the exact same image in the exact same article.

The Copyright Act has a statute of limitations of three years. The alleged infringing acts occurred on or around March 2019. However, Plaintiff Gregory Mango ("Mr. Mango") waited over *five years* – until June 2024 – to file this lawsuit, long after the statute of limitations had expired.

Mr. Mango is a professional photographer and a serial litigant who has previously sued numerous media outlets and filed at least 38 other lawsuits for copyright infringement over the alleged use of his photographs. This alone would be compelling evidence that Mr. Mango knew (or should have known with reasonable diligence) of the alleged infringing acts many years ago. In this case, however, Mr. Mango's attempt to avoid the statute of limitations is undermined by his own litigious history. Indeed, Mr. Mango has filed so many lawsuits that he can no longer keep track of who he has sued and what claims he has brought. Mr. Mango's claim that he first learned of this infringement on December 29, 2023 is indisputably a complete fabrication.

Mr. Mango's claims accrued well over three years before he filed this lawsuit, making his claims untimely under the Copyright Act's three year statute of limitations. This mandates dismissal of his claims pursuant to Fed. R. Civ. P. 12(b)(6). Perhaps more poignantly, however,

this Court should require Mr. Mango to show cause why he should not be sanctioned for his deceptive conduct, and Vox Media should have the opportunity to bring an appropriate motion for attorneys' fees and/or other sanctions in light of the need to respond to this entirely frivolous copyright lawsuit pursuant to 17 U.S.C. § 505.

## FACTUAL BACKGROUND[3]

Mr. Mango filed the instant Complaint on June 12, 2024. (ECF 1). Mr. Mango is a professional photographer. (Compl. ¶ 11). According to Mr. Mango, he has obtained copyright registrations that cover "many" of his photographs. (Compl. ¶ 13). At issue in this case is a photograph that Plaintiff allegedly first published on March 13, 2015 (the "Photograph"). (Compl. ¶ 15). The Photograph depicts New York City Police Department personnel with a rescued lamb. (Compl. ¶ 2).

Mr. Mango created the Photograph for "the purpose of display and/or public distribution." (Compl. ¶ 19). The Photograph was registered by the USCO under Registration No. VA 2-147-568 on April 5, 2019. (Compl. ¶ 18).

Vox Media owns and operates the website www.thedodo.com (the "Website"). (Compl. ¶ 3). In the words of Mr. Mango, "[t]he Website is a key component of Defendant's popular and lucrative commercial enterprise." (Compl. ¶ 22). Vox Media owns and operates the Facebook account with the name @thedodosite (the "Account"). (Compl. ¶ 4).

Mr. Mango alleges that, on or about March 15, 2019 and March 19, 2019, Vox Media displayed the Photograph on the Website and the Account in violation of the Copyright Act, 17

---

[3] The following facts are alleged in Mr. Mango's Complaint and are accepted as true solely for purposes of this Motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 533 (2007). In moving to dismiss the Complaint pursuant to Fed. R. Civ. 12(b)(6), Vox Media does not concede the veracity of any of the allegations in the Complaint and expressly reserves the right to deny any or all of them.

U.S.C. § 101 *et seq.* (*See, e.g.*, ¶¶ 1, 5, 34, 36). Critically, Mr. Mango alleges that Vox Media displayed the Photograph at https://www.thedodo.com/on-the-farm/lamb-ends-up-on-brooklyn-expressway (Compl. ¶ 34) and that Mr. Mango "first observed the Infringements and Defendant's violation of the DMCA on December 29, 2023." (Compl. ¶ 38).

Contrary to Mr. Mango's assertion in this lawsuit, Mr. Mango in fact filed a lawsuit against Group Nine Media, Inc. on July 15, 2019, asserting infringement of the same image, with the same copyright registration number, as displayed on the Website via the same URL of https://www.thedodo.com/on-the-farm/lamb-ends-up-on-brooklyn-expressway (a copy of that Group Nine Media, Inc. complaint is attached hereto as Exhibit C). Mr. Mango was thus indisputably aware of the infringement asserted in this lawsuit no later than July 15, 2019.

The Complaint alleges a claim against Vox Media for direct copyright infringement. As set forth below, Mr. Mango's direct infringement claim fails as a matter of law, and the Complaint should be dismissed in its entirety, with prejudice.

## ARGUMENT

### I.    Standard of Review.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move to dismiss claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complainant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When ruling on a motion to dismiss, the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The Court need not accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. While the Court's analysis of a Rule 12(b)(6) motion is generally limited to the face of the pleadings, it may also consider relevant matters of public record, which may be judicially noticed. *Williams v. N.Y. City Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020) (collecting cases); *see also Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including case law and statutes."). Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot be questioned." The Court either "(1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

## II.    Mr. Mango's Claims Are Barred by the Copyright Act's Three Year Statute of Limitations.

Mr. Mango filed his lawsuit on June 12, 2024, over two years after the three year statute of limitations applicable to his infringement claim expired. There are no separate harms that accrued after March 2019 that could resuscitate Mr. Mango's untimely claims, and he cannot avail himself of the discovery rule to extend the statute of limitations. As a result, Mr. Mango's Complaint must be dismissed.

**A.    Mr. Mango Commenced This Action Long After the Statute of Limitations Had Elapsed.**

The Copyright Act protects "original works of authorship" and grants the copyright owner several exclusive rights, including but not limited to the rights of reproduction, distribution, performance, and public display. 17 U.S.C. §§ 102(a), 106. Infringement occurs when a person or entity exercises one of those rights without the copyright owner's authorization. 17 U.S.C. § 501(a). The copyright holder has a limited time to assert an infringement claim: "No civil action shall be maintained under the provisions of [the Copyright Act] unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). A claim accrues under the Copyright Act "when an infringing act occurs." *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014) (discussing copyright claim accrual in the context of the equitable defense of laches).

Mr. Mango's alleged copyright claims accrued no later than on or about March 2019, the month when Mr. Mango alleges that Vox Media displayed the Photograph on the Website and Account. (Compl. ¶¶ 34, 36). Therefore, in order to be timely, Mr. Mango would have had to file a claim under the Copyright Act no later than March 2022 – over two years before he commenced this action on June 12, 2024. Mr. Mango's claims are therefore untimely and must be dismissed as a matter of law.

**B.    The Continuing Presence of the Photograph on the Website Does Not Save Mr. Mango's Claims.**

Mr. Mango alleges that Vox Media "continues to infringe" on his work. (Compl. ¶ 59). However, Mr. Mango does not allege any other reproduction, display, or distribution of an infringing work other than the initial displays of the Photograph in March 2019. Therefore, the

alleged "continuing infringement" must stem from Vox Media, and its predecessor in interest, leaving the Photograph on the Website or Account after March 2019.

However, the law is clear that the continuing existence of the Photograph online on the Website or Account does not give rise to a separate act of infringement or a "new wrong" that would extend the statute of limitations past March 2022. In *Petrella*, the Supreme Court cautioned that "[s]eparately accruing harm should not be confused with harm from past violations that are continuing." *Id.* at 671 n.6. Consistent with this finding, this Court has determined that "the continued presence of a copyrighted work on a website does not by itself give rise to a 'new wrong' under the Copyright Act." *Minden Pictures, Inc. v. Complex Media, Inc.*, No. 22-CV-4069, 2023 US Dist. LEXIS 52070, at *9 (S.D.N.Y. Mar. 27, 2023) ("*Minden II*"); *see also Michael Grecco Productions. v. RADesign, Inc.*, 678 F. Supp. 3d 405, 411 (S.D.N.Y. 2023) (finding that the "theory that merely leaving a copyrighted work on a website – without more – constitutes separate infringement (thereby continuously triggering a restarted limitations clock)" was "foreclosed as a matter of law"); *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461, 467-68 (S.D.N.Y. 2019) ("*Minden I*") (dismissing copyright claims for photographs that were originally posted online more than three years before the complaint was filed). Mr. Mango's claims are accordingly untimely even if the Photograph was left on the Website or Account for a time.

        **C.**      **The Discovery Rule Does Not Save Mr. Mango's Claims.**

Mr. Mango's claims are clearly time-barred. Vox Media suspects that, in an attempt to circumvent the law, Mr. Mango intended to argue that the statute of limitations should be extended under the "discovery rule." This is apparent from Paragraph 38 of the Complaint, in which Mr. Mango alleges that he "first observed the Infringements and Defendant's violation of the DMCA on December 29, 2023." (Compl. ¶ 38). However, Mr. Mango indisputably knew of the display of

the image at https://www.thedodo.com/on-the-farm/lamb-ends-up-on-brooklyn-expressway because he already filed a lawsuit regarding that same URL and image (with the same copyright registration number) in July 2019. (Exhibit C). While the instant Complaint asserts an additional display on the same dodo.com website and an associated Facebook account, any assertion by Mr. Mango that he was not aware of those displays would be entirely incredible because of (1) his own deceptive course of conduct in this matter; (2) the fact that all of the displays at issue revolve around the same website and associated Facebook account at the same timeframe in March 2019; and (3) his extensive history of litigating establishes that he had every reason to know about the alleged infringement years ago. Mr. Mango, therefore, cannot rely on the "discovery rule" as a matter of law.

The "discovery rule" is an exception to the Copyright Act's statute of limitations. Under the discovery rule, "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014). "Constructive discovery" occurs when a "copyright holder discovers, or with due diligence should have discovered, the infringement." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 50 (2d Cir. 2020) (citing *Psihoyos*, 748 F.3d at 124), *overruled in part on other grounds by Warner Chappell Music, Inc. v. Nealy*, ___ U.S. ___, 144 S.Ct. 1135 (2024). Courts use an objective standard to determine whether the plaintiff should have discovered the alleged infringement, such that the statute of limitations begins to run when "a reasonably diligent plaintiff would have discovered 'the facts constituting the violation'...irrespective of whether the actual plaintiff undertook a reasonably diligent investigation." *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 653 (2010); *Staehr v. Hartford Fin. Services Group*, 547 F.3d 406, 427 (2d Cir. 2008) ("[w]hether a plaintiff was placed on inquiry notice is analyzed under an objective standard"). "A claim does not accrue when a

person has a mere hunch, hint, suspicion, or rumor of a claim but such suspicions *do* give rise to a duty to inquire into the possible existence of a claim in the exercise of due diligence." *Minden I*, 390 F. Supp.3d at 467 (emphasis added) (citing *Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998)).

The discovery rule cannot save Mr. Mango's untimely claims. Mr. Mango is a sophisticated and serial litigant who has filed at least 38 different copyright infringement lawsuits regarding the display of his photographs.[4] The Court should take judicial notice of the complaints in these lawsuits, which are matters of public record. *See Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("courts routinely take judicial notice of documents filed in other courts, not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings").

This Court has recognized that serial litigators, such as Mr. Mango, cannot rely on the discovery rule to resuscitate a claim that is otherwise untimely. This is particularly true where, as here, the plaintiff has litigated the same image at issue displayed at the same URL before this same Court.

For example, in *Minden* I, this Court dismissed the plaintiff's copyright infringement claim as time-barred where the alleged infringements occurred between 2011 and 2014 but plaintiff claimed it did not discover them until 2017. *Minden I*, 390 F. Supp. 3d at 466-68. In making its finding, this Court emphasized that the plaintiff was a seasoned litigator that had filed 36 lawsuits to protect its copyrights. *Id.* at 467. Similarly, *Lixenberg v. Complex Media, Inc.*, No. 22-CV-354, 2023 US Dist. LEXIS 4510, at *2 (S.D.N.Y. Jan. 10, 2023), involved a media company that allegedly displayed an infringing photograph in an online article. This Court dismissed plaintiff's copyright

---

[4] For the Court's convenience, a PACER search report reflecting Plaintiff's other copyright infringement lawsuits is attached hereto as **Exhibit D**.

infringement claim as time-barred, in large part because he had filed at least two infringement actions related to the same photograph and, in one, alleged that he discovered the infringement during the limitations period. *Id*. at *6. This Court explained that, under those circumstances, it was "not plausible that Plaintiff, in exercising reasonable diligence, would not have discovered the Infringing Use here until September 2021, over five years later." *Id*.; *see also RADesign, Inc.*, 678 F. Supp. at 410(dismissing infringement claim filed by sophisticated serial litigant as untimely and finding that "*Minden* [*I*] offers a useful framework in analyzing motions to dismiss on timeliness grounds where the face of the complaint itself establishes the unreasonableness of a plaintiff's late discovery of allegedly infringing activity."); *Minden II*, 2023 U.S. Dist. LEXIS 52070, at *6 (dismissing copyright infringement claim as untimely where plaintiff, the same one as in the prior *Minden I* case, was a seasoned litigator who had by then filed more than 100 lawsuits).

The analyses in *Minden I* and *Lixenberg* are instructive because the facts in those cases mirror those here. Mr. Mango's Complaint is completely silent as to any explanation regarding how or why he only discovered the Infringements in 2023. (*See* Compl. ¶ 38). The reason for this intentional avoidance in this case is clear: Mr. Mango already knew of his claims as early as July 2019. *See, e.g., Minden I*, 390 F. Supp. 3d at 467 (dismissing on 12(b)(6) claims when the plaintiff provided "no explanation for its delayed filing of this lawsuit beyond its allegation that it had no reason to discover the alleged infringement prior to 2017."); *Lixenberg*, 2023 U.S. Dist. LEXIS 4510, at *6 (dismissing on 12(b)(6) claims where "Plaintiff offers no explanation for his delayed filing, beyond an allegation that he had 'no reason prior to that [September 2021] discovery to know of Defendants' unauthorized use of the Subject Photograph'").

The fact that Mr. Mango knew, or reasonably should have known, of the presence of the Photograph on the Website and Account is indisputably established by his own litigious history. It is thus completely implausible that Mr. Mango discovered the Infringements in December 2023.

In sum, when the allegations in the Complaint are coupled with the plaintiff's litigious record targeting media companies, of which the Court may take judicial notice, it leaves no question that Mr. Mango knew or should have known about the alleged acts of infringement within the limitations period. Mr. Mango is a sophisticated, serial litigator who, beyond having a mere hunch or suspicion that media outlets were using his Photograph, had actual knowledge in 2019 of the exact same URL asserted in this Complaint. Under these circumstances, a reasonable copyright holder should have discovered the alleged infringements long before 2024; it is simply implausible that Mr. Mango would not have discovered the alleged infringements on the Website and Account before December 2023 had he exercised reasonable diligence – indeed, it is contradicted by his own previous lawsuit filed in 2019. Accordingly, Mr. Mango's claims are untimely and should be dismissed as a matter of law.

## CONCLUSION

For the reasons set forth above, Mr. Mango has failed to articulate a claim upon which relief may be granted. First, Mr. Mango's claims are untimely as a matter of law. The statute of limitations for bringing a claim under the Copyright Act lapsed over two years ago. The only alleged acts of infringement occurred in 2019, and any continuing presence of the Photograph on the Website or Account cannot extend the statute. Likewise, the statute of limitations cannot be resuscitated under the discovery rule. Accordingly, Mr. Mango's Complaint should be dismissed in its entirety, with prejudice. Further, this Honorable Court should require Mr. Mango to show cause why he should not be sanctioned for his deceptive conduct, and Vox Media should have the

12

opportunity to bring an appropriate motion for attorneys' fees and/or other sanctions in light of the
need to respond to this entirely frivolous lawsuit.

                                     Respectfully submitted,

                                     STEPTOE & JOHNSON PLLC

Date: August 20, 2024                 /s/ Shane Rumbaugh

                                     Shane M. Rumbaugh [5985957]
                                     Tel: (412) 504-8145
                                     Email: shane.rumbaugh@steptoe-johnson.com
                                     Jennifer P. Richnafsky [4923595]
                                     Tel : (412) 504-8018
                                     Email : jen.richnafsky@steptoe-johnson.com
                                     One PPG Place, Suite 3300
                                     Pittsburgh, PA 15222

                                     *Counsel for Vox Media, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this document using the CM/ECF system, which then sent a Notice of Electronic Filing to all registered attorneys in this case, including the following counsel for Plaintiff:

> Craig B. Sanders
> Joshua D. Vera
> Sanders Law Group
> 333 Earle Ovington Boulevard, Suite 402
> Uniondale, NY 11553
> csanders@sanderslaw.group
> jvera@sanderslaw.group

Date: August 20, 2024                       /s/ Shane Rumbaugh

                                            STEPTOE & JOHNSON PLLC

                                            Shane M. Rumbaugh [5985957]
                                            Tel: (412) 504-8145
                                            Email: shane.rumbaugh@steptoe-johnson.com
                                            Jennifer P. Richnafsky [4923595]
                                            Tel : (412) 504-8018
                                            Email : jen.richnafsky@steptoe-johnson.com
                                            One PPG Place, Suite 3300
                                            Pittsburgh, PA 15222

                                            *Counsel for Vox Media, LLC*

14