**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **GREGORY P. MANGO,** | ) | |
| | ) | Case No. 1: 24-cv-04490-AKH |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **VOX MEDIA, LLC,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT VOX MEDIA, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND THE JUDGMENT**

STEPTOE & JOHNSON PLLC

Shane M. Rumbaugh [5985957]
Tel: (412) 504-8145
Email: shane.rumbaugh@steptoe-johnson.com
Jennifer P. Richnafsky [4923595]
Tel : (412) 504-8018
Email : jen.richnafsky@steptoe-johnson.com

One PPG Place, Suite 3300
Pittsburgh, PA 15222

*Attorneys for Defendant Vox Media, LLC*

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

III. ARGUMENT .......... 3

a. Legal Standards .......... 3

b. The Court Should Amend the Judgment to Award Vox Media Its Reasonable Attorney's Fees .......... 4

IV. CONCLUSION .......... 6

# TABLE OF AUTHORITIES

Page(s)

Cases

*Folio Impressions, Inc. v. Byer California*,
937 F.2d 759 (2nd Cir. 1991) .................... 4, 5

*G&G Closed Circuit Events, LLC v. Perez*,
2023 WL 3600987 (S.D.N.Y. 2023) .................... 4

*Lotze v. Hoke*,
654 F.Supp. 605 (E.D.N.Y. 1987) .................... 4

*G&G Closed Circuit Events, LLC v. Perez*,
2023 WL at *2 .................... 4

Statutes

17 U.S.C. § 101 .................... 2

17 U.S.C. § 505 .................... 4, 5

Rules

Fed. R. Civ. P. 41 (a)(1)(A)(i) .................... 3

Fed. R. Civ. P. 41 (a)(1)(B) .................... 1, 3, 5

Fed. R. Civ. P. 59(e) .................... 1, 4

Defendant Vox Media, LLC ("Vox Media"), by and through its undersigned counsel, files this Memorandum of Law in Support of Motion to Amend the Judgment under Fed. R. Civ. P. 59(e), and, in support thereof, states as follows.

## INTRODUCTION

Plaintiff Gregory P. Mango ("Mr. Mango") filed and pursued an entirely frivolous lawsuit, unjustly imposing the time and expense of investigating and responding to his facially invalid claims on Vox Media. Vox Media's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint (ECF 13) sets forth in detail Mr. Mango's deceptive conduct and misrepresentations to this Court. In short, Mr. Mango filed this copyright lawsuit on June 12, 2024, over 5 years after the allegedly infringing acts occurred in March 2019. In a transparent attempt to undermine the Copyright Act's three-year statute of limitations, Mr. Mango claimed to have first learned of the infringements on December 29, 2023. This was demonstrably false, as Mr. Mango had previously filed a lawsuit for the exact same URL at issue on July 15, 2019. Confronted with indisputable proof of his wrongdoing, Mr. Mango dismissed this second lawsuit, which by law operates as an adjudication on the merits under Fed. R. Civ. P. 41 (a)(1)(B).

The Copyright Act provides that the Court may award attorneys' fees to the prevailing party. It is Mr. Mango, and not Vox Media, who should bear the costs associated with investigating, untangling, and addressing Mr. Mango's frivolous claims. Vox Media respectfully requests this Honorable Court amend the judgment to provide for an award of reasonable attorneys' fees payable by Mr. Mango to Vox Media.

## FACTUAL BACKGROUND[1]

Mr. Mango filed the instant Complaint on June 12, 2024. (ECF 1). Mr. Mango is a professional photographer. (Compl. ¶ 11). According to Mr. Mango, he has obtained copyright registrations that cover "many" of his photographs. (Compl. ¶ 13). At issue in this case was a photograph that Plaintiff allegedly first published on March 13, 2015 (the "Photograph"). (Compl. ¶ 15). The Photograph depicts New York City Police Department personnel with a rescued lamb. (Compl. ¶ 2).

Mr. Mango created the Photograph for "the purpose of display and/or public distribution." (Compl. ¶ 19). The Photograph was registered by the USCO under Registration No. VA 2-147-568 on April 5, 2019. (Compl. ¶ 18).

Vox Media owns and operates the website www.thedodo.com (the "Website"). (Compl. ¶ 3). In the words of Mr. Mango, "[t]he Website is a key component of Defendant's popular and lucrative commercial enterprise." (Compl. ¶ 22). Vox Media owns and operates the Facebook account with the name @thedodosite (the "Account"). (Compl. ¶ 4).

Mr. Mango alleged that, on or about March 15, 2019 and March 19, 2019, Vox Media displayed the Photograph on the Website and the Account in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*. (*See, e.g.*, Compl. ¶¶ 1, 5, 34, 36). Critically, Mr. Mango alleged that Vox Media displayed the Photograph at https://www.thedodo.com/on-the-farm/lamb-ends-up-on-brooklyn-expressway (Compl ¶ 34) and that Mr. Mango "first observed the Infringements and Defendant's violation of the DMCA on December 29, 2023." (Compl. ¶ 38).

[1] Vox Media does not concede the veracity of any of the allegations in the Complaint and expressly reserves the right to deny any or all of them.

Contrary to Mr. Mango's assertion in this lawsuit, Mr. Mango in fact filed a lawsuit against Group Nine Media, Inc. on July 15, 2019, asserting infringement of the exact same image, with the exact same copyright registration number, as displayed on the Website via the exact same URL of https://www.thedodo.com/on-the-farm/lamb-ends-up-on-brooklyn-expressway (a copy of that Group Nine Media, Inc. complaint has been filed at ECF 12 as Exhibit C). Mr. Mango was thus indisputably aware of the infringement asserted in this lawsuit no later than July 15, 2019.

After filing his frivolous lawsuit, Mr. Mango demanded a monetary payment from Vox Media to resolve his invalid claims. Rumbaugh Decl. ¶ 4. Vox Media investigated the claims, discovered Mr. Mango's deception regarding his claimed date of discovery, and filed a Motion to Dismiss on August 20, 2024. (ECF 11, 12, 13). On September 16, 2024, Mr. Mango sought Vox Media's agreement for him to file a late brief in opposition to Vox Media's Motion to Dismiss, or for Vox Media's agreement to allow him leave to file an amended complaint. Rumbaugh Decl. ¶ 6. Only after Vox Media did not agree to those requests, Mr. Mango filed a Notice of Voluntary Dismissal. (ECF 15). The clerk's office terminated the case without further determination by the Court on September 17, 2024. (ECF 16).

## ARGUMENT

### I. Legal Standards.

Rule 41 (a) of the Federal Rules of Civil Procedure allows a plaintiff to voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. Fed. R. Civ. P. 41 (a)(1)(A)(i). However, "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41 (a)(1)(B).

The Copyright Act gives the Court discretion to award reasonable attorneys' fees to the prevailing party as part of the costs. 17 U.S.C. § 505. Prevailing defendants may be awarded fees when a plaintiff's suit is "baseless, frivolous, unreasonable, or brought in bad faith," or "objectively without arguable merit." *Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 767 (2nd Cir. 1991).

Rule 59 (e) of the Federal Rules of Civil Procedure provides for a motion to alter or amend a judgment. Fed. R. Civ. P. 59 (e). "Although Rule 59 (e) does not provide a specific standard for determining when a court should reconsider a prior judgment, courts in this circuit have applied the standard set forth in the local rules for reargument motions." *Lotze v. Hoke*, 654 F.Supp. 605, 607 (E.D.N.Y. 1987); see also *G&G Closed Circuit Events, LLC v. Perez*, 2023 WL 3600987, *2 (S.D.N.Y. 2023) ("The standards set forth in both Fed. R. Civ. P. 59(e) and Local Rule 6.3 are identical."). Amendment of a judgment is appropriate upon a showing of (i) an intervening change in controlling law, (ii) newly-available evidence, or (iii) the need to correct a clear error or prevent manifest injustice. *G&G Closed Circuit Events, LLC v. Perez*, 2023 WL at *2.

## II. <u>The Court Should Amend the Judgment to Award Vox Media Its Reasonable Attorneys' Fees.</u>

Vox Media respectfully asserts that amendment of the judgment is warranted because (1) plaintiff's suit was entirely frivolous and pursued in bad faith, and (2) it is needed to prevent a manifest injustice. First, with respect to the frivolous nature of Mr. Mango's lawsuit, Vox Media refers the Court to its Motion to Dismiss Plaintiff's Complaint (ECF 11), Declaration and Exhibits in support thereof (ECF 12), and Memorandum of Law in support thereof (ECF 13) for a full discussion of that topic. As discussed more fully therein, Mr. Mango filed this lawsuit well outside of the Copyright Act's three-year statute of limitations. ECF 13, 6-7. In an attempt to circumvent the statute of limitations, Mr. Mango claimed to have discovered the alleged infringements on

December 29, 2023. *Id.* at 8. However, Mr. Mango indisputably knew of the alleged infringement as early as July 15, 2019, when he filed a lawsuit based on the exact same URL at issue in this lawsuit. *Id.* at 8-9.

Despite falsely asserting a date of discovery over four years later than his true date of discovery, Mr. Mango demanded that Vox Media pay him a monetary settlement to resolve his frivolous claims. Rumbaugh Decl. ¶ 4. Even after being confronted with Vox Media's Motion to Dismiss, which included a request for a show cause against Mr. Mango and an opportunity to bring a motion for attorneys' fees, Mr. Mango was undeterred, seeking Vox Media's consent to his filing a late opposition brief or to file an amended complaint. Rumbaugh Decl. ¶ 6. Only after Vox Media declined to consent to that relief (Rumbaugh Decl. ¶ 6-7.), Mr. Mango voluntarily dismissed the instant complaint. ECF 15. This history overwhelmingly demonstrates the clearly frivolous nature of Mr. Mango's lawsuit, and his bad faith in asserting a date of discovery that is demonstrably untrue.

Second, with respect to the need to prevent a manifest injustice, the clerk terminated the case on September 17, 2024, without this Court having the opportunity to consider an award of attorneys' fees or other sanctions against Mr. Mango. ECF 16. As discussed above, Mr. Mango's voluntary dismissal of this lawsuit operates as a ruling on the merits because he previously filed and dismissed a lawsuit based on the same claim. Fed. R. Civ. P. 41 (a)(1)(B). The Copyright Act provides the Court discretion to award attorneys' fees to the prevailing party (17 U.S.C. 505), and particularly to defendant's who prevail against a frivolous claim. *Folio Impressions, Inc.*, 937 F.2d at 767.

In light of the frivolous nature of Mr. Mango's lawsuit and his deceptive conduct in asserting a false date of discovery, this Honorable Court should exercise its discretion and award

Vox Media its reasonable attorneys' fees in investigating and defending against the frivolous claims. It would be a manifest injustice for Vox Media to bear the costs of Mr. Mango's frivolous lawsuit.

## CONCLUSION

For the reasons set forth above, Vox Media respectfully requests this Honorable Court amend its Judgment to include an Order requiring Mr. Mango to pay Vox Media its reasonable attorneys' fees incurred in defending and prevailing against this entirely frivolous lawsuit. The Order should require the parties to meet and confer within 14 days to discuss the reasonable attorneys' fees, with the agreed amount to be paid by Mr. Mango within 30 days of the Order. If the parties are unable to agree on the amount, the Order should require the parties to submit a joint letter to the Court setting forth each party's position as to the amount of reasonable attorneys' fees within 30 days of the Order. A proposed order to this effect is being submitted herewith.

Respectfully submitted,

STEPTOE & JOHNSON PLLC

Date: October 15, 2024

/s/ Shane Rumbaugh

Shane M. Rumbaugh [5985957]
Tel: (412) 504-8145
Email: shane.rumbaugh@steptoe-johnson.com
Jennifer P. Richnafsky [4923595]
Tel : (412) 504-8018
Email : jen.richnafsky@steptoe-johnson.com
One PPG Place, Suite 3300
Pittsburgh, PA 15222

*Counsel for Vox Media, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document using the CM/ECF system, which then sent a Notice of Electronic Filing to all registered attorneys in this case, including the following counsel for Plaintiff:

Craig B. Sanders
Joshua D. Vera
Sanders Law Group
333 Earle Ovington Boulevard, Suite 402
Uniondale, NY 11553
csanders@sanderslaw.group
jvera@sanderslaw.group

Date: October 15, 2024

/s/ Shane Rumbaugh

STEPTOE & JOHNSON PLLC

Shane M. Rumbaugh [5985957]
Tel: (412) 504-8145
Email: shane.rumbaugh@steptoe-johnson.com
Jennifer P. Richnafsky [4923595]
Tel : (412) 504-8018
Email : jen.richnafsky@steptoe-johnson.com
One PPG Place, Suite 3300
Pittsburgh, PA 15222

*Counsel for Vox Media, LLC*