UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Gregory P. Mango,

        Plaintiff,

  v.

Vox Media, LLC,

        Defendant.

Case No.: 1:24-cv-04490-AKH

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO AMEND THE JUDGMENT**

**SANDERS LAW GROUP**
Joshua D. Vera, Esq.
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, New York 11553
Tel: 516-203-7600
Fax: 516-282-7878
*Attorneys for Plaintiff*

i

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.    STANDARD OF REVIEW .............................................................................................. 2

    II.   THE COURT LACKS JURISDICTION TO CONSIDER DEFENDANT'S MOTION ... 3

    III.  PLAINTIFF'S NOTICE DISMISSAL DID NOT OPERATE AS A JUDGMENT SUBJECT TO AMENDMENT ........................................................................................ 5

    IV.  DEFENDANT'S MOTION UNDER FED. R. CIV. P. 59 IS UNTIMELY ...................... 6

    V.   DEFENDANT'S MOTION UNDER FED. R. CIV. PRO. 59 IS NOT A PROPER VEHICLE THROUGH WHICH DEFENDANT CAN SEEK AN AWARD OF ATTORNEYS' FEES ........................................................................................................ 6

    VI.  DEFENDANT'S UNTIMELY MOTION IS A POORLY DISGUISED ATTEMPT TO CIRCUMVENT THE TIME LIMITATIONS GOVERNING ATTORNEY'S FEE REQUESTS ........................................................................................................................ 7

    VII. DEFENDANT OFFERS NO EXPLANATION OF EXCUSABLE NEGLECT ............... 7

CONCLUSION ............................................................................................................................... 9

## **TABLE OF AUTHORITIES**

### **Cases**

*16 Casa Duse, LLC v. Merkin*,
    791 F.3d 247 (2d Cir. 2015) .................................................................................................. 7

*ABN Amro Verzekeringen BV v. Geologistics Ams., Inc.*,
    485 F.3d 85 (2d Cir. 2007) .................................................................................................... 4

*Ahmad v. E. Ramapo Cent. Sch. Dist.*,
    No. 09-CV-1440 (CS), 2014 WL 12939227 (S.D.N.Y. Sept. 8, 2014) .................................. 3

*Alix v. McKinsey & Co.*,
    470 F. Supp. 3d 310 (S.D.N.Y. 2020) ................................................................................... 5

*All-Star Mktg. Grp., LLC v. Media Brands Co.*,
    775 F. Supp. 2d 613 (S.D.N.Y. 2011) ................................................................................... 7

*Broad. Music, Inc. v. R Bar of Manhattan, Inc.*,
    919 F. Supp. 656 (S.D.N.Y. 1996) ........................................................................................ 7

*Camardella v. Acting Commr. of Soc. Sec.*,
    No. 21-CV-9804 (BCM), 2024 WL 1484097 (S.D.N.Y. Apr. 5, 2024) ................................. 8

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ................................................................................................................ 4

*Hollander v. Members of the Bd. of Regents of the Univ. of N.Y.*,
    524 F. App'x 727 (2d Cir. 2013) ........................................................................................... 3

*Honig v. Cohen*,
    No. 1:23-CV-10243 (JLR), 2024 WL 343028 (S.D.N.Y. Jan. 30, 2024) ........................... 5, 6

*ISC Holding AG v. Nobel Biocare Fin. AG*,
    688 F.3d 98 (2d Cir. 2012) .................................................................................................... 4

*Jian Yang Lin v. Shanghai City Corp*,
    950 F.3d 46 (2d Cir. 2020) .................................................................................................... 6

*Joseph v. Korn*,
    No. 19-CV-7147(EK)(SMG), 2021 WL 912163 (E.D.N.Y. Mar. 9, 2021) .......................... 8

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*,
    729 F.3d 99 (2d Cir. 2013) .................................................................................................... 3

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014) .............................................................................................................. 4

*Mango v. Group Nine Media, Inc.*
   Case No. 1:19-cv-06580-PKC (S.D.N.Y. 2019) ................................................................... 1

*Marrero v. Comm'r of Soc. Sec.*,
   2022 WL 4774799 (S.D.N.Y. Oct. 3, 2022) ........................................................................ 8

*Marrero v. Comm'r of Soc. Sec.*,
   No. 17CV2648VSBBCM, 2022 WL 4774799 (S.D.N.Y. Oct. 3, 2022) ............................... 8

*Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*,
   970 F.3d 133 (2d Cir. 2020) ................................................................................................ 3

*Samake v. Thunder Lube, Inc.*,
   24 F.4th 804 (2d Cir. 2022) ................................................................................................. 4

*Smart Study Co. v. B+Baby Store*,
   540 F. Supp. 3d 428 (S.D.N.Y. 2021) ................................................................................. 5

*Tancredi v. Metro. Life Ins. Co.*,
   378 F.3d 220 (2d Cir. 2004) ................................................................................................ 8

*Thorp v. Scarne*,
   599 F.2d 1169 (2d Cir. 1979) .............................................................................................. 4

*U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*,
   775 F.3d 128 (2d Cir. 2014) ............................................................................................ 4, 5

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
   956 F.2d 1245 (2d Cir. 1992) .............................................................................................. 3

*Youssef v. Tishman Constr. Corp.*,
   744 F.3d 821 (2d Cir. 2014) ................................................................................................ 5

**Statutes**

17 U.S.C.
   § 505 ..................................................................................................................................... 7

**Rules**

Fed R. Civ. P.
   Rule 12(h)(3) ........................................................................................................................ 4
   Rule 41(a)(1)(A) ................................................................................................................... 4
   Rule 41(a)(1)(A)(i) ........................................................................................................... 1, 5
   Rule 41(a)(1)(B), ................................................................................................................. 2
   Rule 54(d) ............................................................................................................................. 8
   Rule 54(d)(2)(B)(i) ............................................................................................................... 2
   Rule 59(e) ......................................................................................................................... 2, 3

Local Rule
    54.1(c)(7) ............................................................................................................................ 2

Plaintiff Gregory Mango ("*Plaintiff*"), by and through his undersigned attorneys, submits the instant Memorandum in opposition to the motion filed by defendant Vox Media, LLC ("*Defendant*") requesting the Court issue an Order amending the "judgment" purportedly entered in this action pursuant to Fed. R. Civ. Pro. 59(e) (*Dkt. No.* 17).

### **PRELIMINARY STATEMENT**

This case involves a copyright infringement action that was closed on September 17, 2024 (*Dkt. No.* 16) following Plaintiff's filing of a notice dismissal pursuant to Fed. R. Civ. Pro. 41(a)(1)(A)(i) (*Dkt. No.* 15) and, as such, Defendant's current motion to alter or amend the "judgment" must be denied for a variety of reasons.

First and foremost, the dismissal herein was pursuant to a Rule 41(a)(1)(A)(i) notice which, as will be set forth herein, is "automatic." As such, there is no judgment for the Court to amend and/or alter. Second, Defendant's attempt to convince the Court that Plaintiff's voluntary notice of dismissal operated as an "adjudication on the merits" is unavailing. Defendant bases this argument on the contention that a similar claim was asserted in the matter of *Mango v. Group Nine Media, Inc*. (S.D.N.Y. Case No. 1:19-cv-06580-PKC) and that Plaintiff purportedly dismissed such action voluntarily. This argument is a canard insofar as the Court can plainly see from the docket in that case that a notice of settlement was filed in that action and the resulting dismissal (without prejudice) was issued *sua sponte* by the Court; not by plaintiff. Third, and as will be set forth herein, Plaintiff's voluntary dismissal of the action terminates the Court's jurisdiction to consider any further matters.

Fourth, and perhaps most importantly, assuming *in arguendo* that Plaintiff's dismissal of this action does operate as a second dismissal resulting in it being with prejudice pursuant to Fed R. Civ. P. 41(a)(1)(B), Defendant's request is nothing more than a thinly veiled effort to

1

circumvent the strict time constraints imposed for attorney fee requests under Fed. R. Civ. P. 54(d)(2)(B)(i) and Local Rule 54.1(c)(7), which require that such a motion be filed within 14 days after the entry of judgment. Here, a fee application was not filed within that timeframe and, as the Court can see, Defendant has offered no excuse or justification for its failure to have timely filed such a motion.

Notwithstanding the foregoing, Defendant's motion raises significant concerns. More specifically, Plaintiff respectfully submits that the granting of the instant motion would operate to undermine the timeliness requirements of 54(d)(2)(B)(i) and Local Rule 54.1(c)(7), as it would allow litigants to re-start an expired clock under one Rule of procedure by collaterally attacking it under another unrelated rule.

Finally, assuming Plaintiff's notice dismissal operated as an adjudication on the merits, Defendant's request under Fed. R. Civ. P. 59(e) to amend or alter the judgment would still fail for two distinct reasons: one, the motion is untimely in that it was filed more than 28 days following the entry of "judgment" and two, the resulting judgment from a copyright action would be the adjudication of the merits of the asserted copyright claim which does not include a determination of an attorney fee award which is a secondary process occurring after the entry of judgment.

In sum, the Court should not relieve Defendant of its own failure to timely object to Plaintiff's voluntary dismissal of this case and/or failure to timely file a motion for an award of fees.

## ARGUMENT

### I. STANDARD OF REVIEW

Defendant's motion seeks relief under Rule 59(e). As the Second Circuit has repeatedly held, "[a] court may grant a Rule 59(e) motion 'only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or

2

prevent manifest injustice'." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc*., 970 F.3d 133, 142–43 (2d Cir. 2020) (citing *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013); *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992)); *Hollander v. Members of the Bd. of Regents of the Univ. of N.Y*., 524 F. App'x 727, 729 (2d Cir. 2013) (summary order)); see also *Ahmad v. E. Ramapo Cent. Sch. Dist*., No. 09-CV-1440 (CS), 2014 WL 12939227, at *1 (S.D.N.Y. Sept. 8, 2014) ("A court may grant a Rule 59(e) motion only if the movant satisfies the heavy burden of demonstrating 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice").

Here, while Defendant acknowledges the applicable standard, the motion offers no argument to show that such criteria have been met. The motion does not allege that there has been an intervening change in controlling law, as there has not been. The motion does not contend that there is newly available evidence, and there is none. Instead, the motion merely incorporates the same arguments advanced in its motion to dismiss as the basis for seeking the instant relief. Further, because there was no Order or judgment in this case, Defendant has failed to show any "clear error" purportedly in need of correction. Finally, Defendant has not identified any "manifest injustice" that would result if the relief requested is not granted. Accordingly, the Court should find that Defendant has not met its burden of showing that the (untimely) relief requested should be granted.

## II. THE COURT LACKS JURISDICTION TO CONSIDER DEFENDANT'S MOTION

It is well-settled law that subject matter jurisdiction is "the court's statutory or jurisdictional power to adjudicate the case." *Lexmark Int'l, Inc. v. Static Control Components, Inc*., 572 U.S. 118, 128 n.4 (2014) (emphasis and citation omitted). "Courts have an independent obligation to

3

determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If a court lacks (or loses) subject-matter jurisdiction, "the court must dismiss the case or claim." *ABN Amro Verzekeringen BV v. Geologistics Ams., Inc.*, 485 F.3d 85, 94 (2d Cir. 2007); see also Fed. R. Civ. P. 12(h)(3).

Relevant to this case, the Second Circuit has held that "Rule 41(a)(1)(A) is the only form of dismissal requiring no court action to be effective." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 111 (2d Cir. 2012). Indeed, "a voluntary dismissal under Rule 41(a)(1)(A) has automatic effect, absent the contrary operation of an applicable federal statute." *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 809 n.3 (2d Cir. 2022). As the Second Circuit has explained:

> So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone.

*Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979) (emphasis and citation omitted).

Relevant here, a voluntary dismissal without prejudice "vitiates and annuls all prior proceedings and orders in the case, and terminates jurisdiction over it for the reason that the case has become moot." *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 134 (2d Cir. 2014) (brackets and citation omitted); accord *Youssef v. Tishman Constr. Corp.*, 744 F.3d 821, 823-24 (2d Cir. 2014) ("It is undisputed that the plaintiff sought voluntary dismissal of the claim before any defendant filed an answer or motion for summary judgment.... A dismissal with prejudice, in this circumstance, constitutes grounds for vacatur and remand with instructions to correct the error"); *Alix v. McKinsey & Co.*, 470 F. Supp. 3d 310, 317 (S.D.N.Y. 2020) ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately

4

strips the district court of jurisdiction over the merits." (citation omitted).

Insofar as the dismissal of this case was pursuant to Rule 41(a)(1)(A)(i), even if there were an judgment to amend or alter, which there is not, the Court has been divested of jurisdiction to consider Defendant's instant motion and Defendant has offered no argument to the contrary. Therefore, the motion must be denied.

### III. PLAINTIFF'S NOTICE DISMISSAL DID NOT OPERATE AS A JUDGMENT SUBJECT TO AMENDMENT

In the absence of any indication by the plaintiff, Rule 41(a)(1) presumes that a voluntary dismissal under these circumstances is without prejudice. *Youssef*, 744 F.3d at 825; *U.S. D.I.D. Corp.*, 775 F.3d at 134. In light of the foregoing, it is clear that Plaintiff's notice dismissal without prejudice did not operate as a final judgment such that would warrant amendment or alteration. *Smart Study Co. v. B+Baby Store*, 540 F. Supp. 3d 428, 431 (S.D.N.Y. 2021) ("A notice of voluntary dismissal is not a "judgment""). As such, even if Plaintiff's notice dismissal was viewed as a "qualifying dismissal under the two-dismissal rule … this Court lacks jurisdiction to decide the issue." *Honig v. Cohen*, No. 1:23-CV-10243 (JLR), 2024 WL 343028, at *4 (S.D.N.Y. Jan. 30, 2024) ("So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play.").

In this regard, Defendant directs the Court to a previously filed action titled *Gregory Mango v. Group Nine Media, Inc.* filed in 2019 under Case No. 1:19-cv-06580-PKC in furtherance of its argument that Plaintiff's September 16, 2024, notice dismissal "operates as an adjudication on the merits." *Honig*, 2024 WL 343028, at *2; see also *Jian Yang Lin v. Shanghai City Corp*, 950 F.3d 46, 50 (2d Cir. 2020) ("second voluntary dismissal under Rule 41(a)(1)(B) shall be with

5

prejudice so long as the plaintiff's prior action was "based on or includ[ed] the same claim."). However, Plaintiff *did not* dismiss the *Group Nine* Matter. See *Gregory Mango v. Group Nine Media, Inc.*, 1:19-cv-06580-PKC (SDNY 9/23/19 – *Dkt. No.* 5). Plaintiff advised the court therein of a "settlement in principle" and, in response, the Hon. P. Kevin Castel dismissed the case *without prejudice* with leave to reopen within thirty (30) days therefrom. See *Gregory Mango v. Group Nine Media, Inc.*, 1:19-cv-06580-PKC (SDNY 9/24/19 – *Dkt. No.* 6). No further action from either party was docketed with the Court. Based on the plain language of Rule 41(a)(1)(B), Plaintiff did not dismiss the prior action and therefore the current dismissal would not trigger the "second dismissal rule."

### IV. DEFENDANT'S MOTION UNDER FED. R. CIV. P. 59 IS UNTIMELY

Plaintiff filed its Notice of Dismissal on September 16, 2024. Defendant filed its motion to alter the judgment on October 15, 2024. Assuming that the September 16, 2024, notice of dismissal were the "entry of judgment" date, Defendant's motion was due on October 14, 2024. Here, the motion was not filed on or before October 14, 2024, and should be denied out-of-pocket as untimely.

### V. DEFENDANT'S MOTION UNDER FED. R. CIV. PRO. 59 IS NOT A PROPER VEHICLE THROUGH WHICH DEFENDANT CAN SEEK AN AWARD OF ATTORNEYS' FEES

In its moving brief, Defendant argues that the Copyright Act provides that the Court may award attorneys' fees to the prevailing party. In support of its application, Defendant submits that it is Plaintiff, rather than it who should bear the costs of this case, because it was Defendant who was purportedly tasked with "investigating, untangling, and addressing Mr. Mango's frivolous claims." While it is true that 17 U.S.C. § 505 provides the Court with discretion to award reasonable attorneys' fees to the prevailing party in a copyright action as a part of the costs, what

Defendant appears to ignore is that attorneys' fees are not awarded in the judgment itself. Instead, attorneys' fees may be awardable to the prevailing party by a timely application *following the entry of judgment*. See, e.g., *Broad. Music, Inc. v. R Bar of Manhattan, Inc*., 919 F. Supp. 656, 658 (S.D.N.Y. 1996) (referring a timely motion for fees for a report and recommendation following the entry of a default judgment); see also *All-Star Mktg. Grp., LLC v. Media Brands Co*., 775 F. Supp. 2d 613, 628 (S.D.N.Y. 2011) (collecting cases). As is set forth more fully *infra,* the instant motion is little more than a back-door attempt by Defendant to ask this Court to relieve it from its failure to have timely filed a motion for an award of attorneys' fees following the automatic dismissal of this case by Plaintiff.

### VI.  DEFENDANT'S UNTIMELY MOTION IS A POORLY DISGUISED ATTEMPT TO CIRCUMVENT THE TIME LIMITATIONS GOVERNING ATTORNEY'S FEE REQUESTS

A motion for attorneys' fees must "be filed no later than 14 days after the entry of judgment. *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 263 (2d Cir. 2015). Even if the Court were to treat Plaintiff's Rule 41 notice of voluntary dismissal as a judgment, which Plaintiff avers it should not, the time for Defendant to have moved for an award of attorneys' fees was no later than "14 days after entry of judgment" (i.e., October 1, 2024). Defendant did not timely request an enlargement of the deadline to move for its fees nor present its actual motion for same. Instead, here, Defendant asks the Court alter a non-existent judgment dismissing Plaintiff's single count pleading and improperly in that dismissal, summarily award it an indeterminate amount of attorneys' fees pursuant to an application not supported by a declaration or contemporaneously maintained time records and without explanation as to why its delay in seeking such relief was excusable—let alone a reasonable excuse for same.

### VII.  DEFENDANT OFFERS NO EXPLANATION OF EXCUSABLE NEGLECT FOR ITS UNTIMELY FEE APPLICATION

7

An untimely motion under Rule 54(d) can be forgiven only where the Court finds that the delay was attributable to "excusable neglect." *Marrero v. Comm'r of Soc. Sec.*, No. 17CV2648VSBBCM, 2022 WL 4774799, at *2 (S.D.N.Y. Oct. 3, 2022). To determine whether a party's neglect is excusable, a district court should take into account: "[1][t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004). "Excusable neglect is an "elastic concept" … that is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."" *Id*.

While the Court has discretion to extend the time for a party to file a motion, it is well-settled that an untimely motion under Rule 54(d) should be excused only "where the Court finds that the delay was attributable to 'excusable neglect'." *Marrero v. Comm'r of Soc. Sec.*, 2022 WL 4774799, at *2 (S.D.N.Y. Oct. 3, 2022) (citing *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226-28 (2d Cir. 2004)); *Camardella v. Acting Commr. of Soc. Sec.*, No. 21-CV-9804 (BCM), 2024 WL 1484097, at *1 (S.D.N.Y. Apr. 5, 2024). Further to this point, where, as here, the relevant timing rule "is entirely clear," courts should "expect that a party claiming excusable neglect will, in the ordinary course, lose. *Joseph v. Korn*, No. 19-CV-7147(EK)(SMG), 2021 WL 912163, at *2 (E.D.N.Y. Mar. 9, 2021).

Here, Defendant did not timely seek to enlarge the time to file the actual fee application, and still has not done so. Instead, it has only filed the instant motion seeking to alter or amend the non-existent judgment. Critically, in so doing, Defendant has not put forth any justification for its delay in making its attorneys' fee request, an act solely within Defendant's discretion and control. Further, in making the instant application, Defendant has offered *no* explanation as to why it failed

8

to either timely file a motion for an award of attorneys' fees or a motion to extend the time for it to do so. In the absence of such a proffer, Defendant has disabled the Court from finding that there is an excuse for such failure—let alone a reasonable one.

Under these circumstances, it would not be in the best interest of the parties or the Court to grant the relief requested. That is because insofar as it would require extensive briefing (if not discovery) to determine if the settlement of the *Group Nine Media* matter and that Court's dismissal of same upon the filing of the Notice of Settlement would operate to make Defendant the "prevailing party" in this (voluntarily dismissed) action, such that it would be entitled to file a motion for an award of attorneys' fees..

More importantly, however, are the considerations of how granting such relief would affect cases beyond the one at-bar. As was noted above, the federal rules provide for a short and strict time limitation for a prevailing party to file a motion for an award of attorneys' fees, and the failure to timely file such a motion must result in the denial thereof. See, e.g., *Ritani, LLC v. Aghjayan*, 970 F. Supp. 2d 232 (S.D.N.Y. 2013) (motion for attorney's fees under 17 U.S.C. § 505 denied as untimely). Here, Defendant clearly seeks to relieve itself from its failure to have timely filed a Rule 54 motion by seeking to set aside the "judgment" under Rule 59(e). If the Court were to grant the instant motion, it would operate to create substantial uncertainty as to when a deadline expires under the Rules of Civil Procedure or when they may be rendered meaningless by collateral attack under a completely unrelated rule. The Court cannot allow this to happen.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully submits that Defendant's Motion to Amend the Judgment under Federal Rule of Civil Procedure 59(e) should be DENIED in its entirety.

Dated: October 29, 2024

        Respectfully submitted,

        **SANDERS LAW GROUP**

        By: */s/ Joshua D. Vera*
        Joshua D. Vera, Esq.
        Craig B. Sanders, Esq.
        333 Earle Ovington Blvd, Suite 402
        Uniondale, NY
        Tel: (516) 203-7600
        Email: jvera@sanderslaw.group
        Email: csanders@sanderslaw.group
        *Attorneys for Plaintiff*