**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **GREGORY P. MANGO,** | ) | |
| **Plaintiff,** | ) | Case No. 1: 24-cv-04490-AKH |
| **v.** | ) | |
| **VOX MEDIA, LLC,** | ) | |
| **Defendant.** | ) | |

# DEFENDANT VOX MEDIA, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO AMEND THE JUDGMENT

STEPTOE & JOHNSON PLLC

Shane M. Rumbaugh [5985957]
Tel: (412) 504-8145
Email: shane.rumbaugh@steptoe-johnson.com
Jennifer P. Richnafsky [4923595]
Tel : (412) 504-8018
Email : jen.richnafsky@steptoe-johnson.com

One PPG Place, Suite 3300
Pittsburgh, PA 15222

*Attorneys for Defendant Vox Media, LLC*

**TABLE OF CONTENTS**


I. **INTRODUCTION** .......................................................................... 1

II. **ARGUMENT**................................................................................ 1

a. **The Court Has Jurisdiction to Consider Vox Media's Motion** ...... 1

b. **Mr. Mango's Notice of Voluntary Dismissal, While Inappropriate, Did Operate as an Adjudication on the Merits** ……………………...3

c. **Vox Media's Motion Under Fed. R. Civ. P. 59 Is Timely** ………..5

d. **Fed. R. Civ. P. 59 is the Proper Procedure for Vox Media's Motion**…………………………….……………………..6

e. **In the Alternative, the Court Should Grant Vox Media's Pending Request for Leave to File a Motion for Attorney's Fees Under Fed. R. Civ. P. 54 (d)**……………………………………...**7**

IV. **CONCLUSION** ............................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

Cases

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990) ........ 4

*Honig v. Cohen*,
2024 WL 343028 (S.D.N.Y. 2024) ........ 4, 7

*National Cement Co. v. Mead Corp.*,
80 F.R.D. 703 (S.D.N.Y. 1978)........ 2

*Smart Study Co. v. B+Baby Store*,
540 F. Supp. 3d 428 (S.D.N.Y. 2021) ........ 3, 4, 7

*Smart Study Co.*,
540 F. Supp........ 7

*Yosef v. Passamaquoddy Tribe*,
876 F.2d 283 (2nd Cir. 1989) ........ 2, 3

Statutes

17 U.S.C. § 505 ........ 5

Rules

Fed. R. Civ. P. 6........ 6
Fed. R. Civ. P. 12(b)(6) ........ 2, 3
Fed. R. Civ. P. 41(a)(1)(A)(i) ........ 2
Fed. R. Civ. P. 41(a)(1)(B) ........ 4, 5
Fed. R. Civ. P. 54 ........ 1, 2, 4, 7, 8, 9
Fed. R. Civ. P. 59........ 1, 6

Defendant Vox Media, LLC ("Vox Media"), by and through its undersigned counsel, files this Reply Memorandum in Support of Motion to Amend the Judgment under Fed. R. Civ. P. 59(e), and, in support thereof, states as follows.

## INTRODUCTION

After alleging a date of discovery in his Complaint that is demonstrably untrue, Plaintiff Gregory P. Mango ("Mr. Mango") now asserts procedural minutia rather than responding to the substance of Vox Media's assertions. Tellingly, Mr. Mango's Memorandum of Law in Opposition to Defendant's Motion to Amend the Judgment (the "Opposition", ECF 20) did not once address the frivolous nature of Mr. Mango's lawsuit or the substantive merit of Vox Media's request that Mr. Mango bear the costs associated with investigating and defending against his frivolous claims. Instead, Mr. Mango relies solely on procedural arguments in a brazen attempt to avoid responsibility for what has seemingly been conceded as a frivolous lawsuit. As discussed in detail *infra*, each of Mr. Mango's procedural arguments are unavailing. Specifically, (1) this Honorable Court has not lost jurisdiction to consider Vox Media's Motion to Amend the Judgment, (2) Mr. Mango's Notice of Voluntary Dismissal, although improper, did operate as an adjudication on the merits, (3) Vox Media's Motion to Amend the Judgment is timely under Fed. R. Civ. P. 59, (4) Fed. R. Civ. P. 59 is the proper procedure for Vox Media's Motion, and (5) in the alternative, the Court should extend the time for Vox Media to file a Motion for Attorney's Fees under Fed. R. Civ. P. 54(d).

## ARGUMENT

### I. The Court Has Jurisdiction to Consider Vox Media's Motion.

Mr. Mango's Opposition first argues that the "Court has been divested of jurisdiction to consider [Vox Media's] instant motion" because the Rule 41(a)(1)(A)(i) voluntary dismissal had automatic effect. Mr. Mango's argument takes for granted that Mr. Mango was able to satisfy the

requirements of Rule 41(a)(1)(A)(i) for a voluntary dismissal without prejudice. Mr. Mango did not and could not satisfy those requirements, and the Court should exercise jurisdiction to set aside his improper Rule 41(a)(1)(A)(i) voluntary dismissal.

Fed. R. Civ. P. 41(a)(1)(A)(i) provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment." Here, Vox Media filed a Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6). However, "[a] motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), may in certain circumstances be converted into a motion for summary judgment: when 'matters outside the pleading are presented to and not excluded by the court.' Such a motion may also be treated as one for summary judgment for purposes of precluding plaintiff from voluntarily dismissing his action pursuant to Rule 41(a)(1)(i)." *National Cement Co. v. Mead Corp.*, 80 F.R.D. 703, 704 (S.D.N.Y. 1978). Further, "[t]he element that triggers the conversion [to a motion for summary judgment] is a challenge to the sufficiency of the pleader's claim supported by extra-pleading material. It is not relevant how the defense actually is denominated." *Id.* at 704-05.

The court in *National Cement* found that a Rule 12(b)(6) motion to dismiss was partially converted to a motion for summary judgment when material outside of the pleadings (namely, a Purchase Agreement contract) was included with the motion to dismiss. *Id.* at 706. Thus, because the motion to dismiss was filed before the plaintiff's notice of voluntary dismissal, the notice of voluntary dismissal was vacated. *Id.*

Similarly, in *Yosef v. Passamaquoddy Tribe*, the court recognized that when matters outside the pleadings are presented to the court and not excluded, the motion shall be treated as one for summary judgment. *Yosef v. Passamaquoddy Tribe*, 876 F.2d 283, 286 (2nd Cir. 1989). "Rule

41(a)(1)(i) provides that service of an answer or summary judgment motion marks the point at which the plaintiff's unilateral right to dismiss the action terminates. Consequently, where a 12(b)(6) motion ripens into one for summary judgment, the right to voluntary dismissal is extinguished at the time the motion is served." *Id.* Because the defendant had filed a Rule 12(b)(6) motion (including matter outside of the pleadings) before plaintiff filed its notice of voluntary dismissal, the court found that "the district court retained jurisdiction to impose sanctions, even after appellant attempted to dismiss the case" where the plaintiff's claims "were patently frivolous." *Id.* at 286-87.

Here, Mr. Mango's attempted Notice of Voluntary Dismissal (ECF 15) was filed long after Vox Media's Rule 12(b)(6) Motion to Dismiss was filed and served (ECF 11-13). Further, Vox Media's Rule 12(b)(6) Motion to Dismiss included matter outside of the pleadings, namely the Declaration of Shane Rumbaugh and its accompanying exhibits. ECF 12. Thus, this Honorable Court has discretion to treat Vox Media's Rule 12(b)(6) Motion to Dismiss as a motion for summary judgment, and to vacate Mr. Mango's Notice of Voluntary Dismissal such that the Court may enter further orders in this proceeding. Vox Media respectfully requests that the Court vacate Mr. Mango's Notice of Voluntary Dismissal and maintain jurisdiction over this proceeding accordingly.

## II. Mr. Mango's Notice of Voluntary Dismissal, While Inappropriate, Did Operate as an Adjudication on the Merits.

Mr. Mango next argues that his notice of dismissal did not operate as a final judgment that would warrant amendment or alteration based on two arguments. First, Mr. Mango cites to *Smart Study Co. v. B+Baby Store*, 540 F. Supp. 3d 428, 431 (S.D.N.Y. 2021) for the proposition that a notice of voluntary dismissal is not a judgment. Interestingly, Mr. Mango declined to provide the Court with the remainder of the court's holding – namely, that a notice of voluntary dismissal

therefore does not trigger the 14-day clock in Rule 54(d)(2)(B)(i). *Smart Study Co. v. B+Baby Store*, 540 F. Supp. 3d 428, 431 (S.D.N.Y. 2021). As discussed in more detail *infra*, this case cited by Mr. Mango refutes Mr. Mango's contention that Vox Media's instant motion seeks to avoid the 14-day deadline to file a Motion for Attorney's Fees.

Mr. Mango also cited *Honig v. Cohen*, 2024 WL 343028, *4 (S.D.N.Y. 2024) for the notion that this Court does not have jurisdiction to determine whether his notice of voluntary dismissal acts as an adjudication on the merits under the "two dismissal rule." Mr. Mango again disregards the portion of the case that stands contrary to his position: "[t]here is an important caveat: 'a federal court may consider collateral issues after an action is no longer pending.' *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). For example, 'motions for costs or attorney's fees are independent proceedings supplemental to the original proceeding and not a request for a modification of the original decree.' *Id.*" *Honig v. Cohen*, 2024 WL 343028, *3 n.2 (S.D.N.Y. 2024). This clearly contradicts Mr. Mango's position, discussed *supra*, that this Court has no jurisdiction to address Vox Media's instant motion – as supported by the case cited by Mr. Mango, this Court has such jurisdiction.

Second, Mr. Mango argues that this notice of dismissal did not operate as an adjudication on the merits because Mr. Mango "did not dismiss the *Group Nine* Matter." Mr. Mango's argument does not withstand even cursory scrutiny. Fed. R. Civ. P. 41(a)(1)(B) states that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." However, in the notice of settlement filed in that case on September 23, 2019 (S.D.N.Y. Case No. 1:19-cv-06580-PKC, ECF 5), Mr. Mango's counsel requested "that this Court administratively ***<u>dismiss the action</u>*** with leave to reopen the case in thirty (30) days from today's date if the parties have not submitted their final

notice of dismissal by such time." (emphasis added). The Court subsequently entered an order, at Mr. Mango's request, that the case was "***dismissed*** and discontinued without costs, and without prejudice to the right to reopen the action within thirty days of the date of this Order if the settlement is not consummated." S.D.N.Y. Case No. 1:19-cv-06580-PKC, ECF 6. In short, Fed. R. Civ. P. 41(a)(1)(B) does not specify the means by which a plaintiff must dismiss the first action. This Court dismissed Mr. Mango's complaint against Group Nine Media, Inc., for the same claim at issue in this instant lawsuit, at Mr. Mango's request due to a settlement. Such a dismissal is clearly in line with the plain language of, as well as the spirit of, the provisions of Fed. R. Civ. P. 41(a)(1)(B).

In sum, this Court has jurisdiction to enter an award of attorney's fees, and thus has jurisdiction to decide that Mr. Mango's second dismissal of an action involving the same claim operates as an adjudication on the merits. This Court should exercise that jurisdiction to enter an Order awarding attorney's fees to Vox Media as the prevailing party pursuant to 17 U.S.C. § 505.

## III. Vox Media's Motion Under Fed. R. Civ. P. 59 Is Timely.

Surprisingly, Mr. Mango asserts that Vox Media's instant Motion is untimely because "Defendant's motion was due on October 14, 2024" and it "was not filed on or before October 14, 2024. Assuming for the sake of argument that Mr. Mango identified the correct deadline,[1] October 14, 2024 was a federal holiday on which the Court was closed. See https://www.nysd.uscourts.gov/about/holidays#:~:text=Holidays,-The%20following%20days&text=July%204%2C%202024%20begins%20the,visit%20this%20

[1] Vox Media asserts that the judgment it seeks to correct was entered on September 17, 2024, when the clerk's office terminated the case without further determination by the Court while its Motion to Dismiss (which included a request for attorney's fees) was pending. ECF 16. Thus, 28 days from September 17, 2024 would fall on October 15, 2024, the day Vox Media filed the instant motion.

page%20for%20updates. When computing a deadline stated in days, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6. Thus, the October 14, 2024 deadline was automatically extended to October 15, 2024, the day Vox Media filed the instant motion.

## IV. Fed. R. Civ. P. 59 is the Proper Procedure for Vox Media's Motion.

Mr. Mango argues that Fed. R. Civ. P. 59 is not a "proper vehicle" through which Vox Media may seek attorney's fees because there is no judgment to alter in light of his notice of voluntary dismissal, which Mr. Mango avers automatically deprived this Court of jurisdiction. Mr. Mango's argument overlooks the procedural posture of this matter. First, as explained *supra*, the Court should treat Vox Media's Motion to Dismiss as a Motion for Summary Judgment, which nullified Mr. Mango's right to file a voluntary dismissal. Second, on September 17, 2024, the Court made an entry on the docket stating that "a final decision was rendered on 9/17/2024 in a court action filed on the following copyright(s) in the U.S. District Court Southern District of New York." ECF 16. The termination of the case on September 17, 2024 was in error and would result in a manifest injustice, because Mr. Mango's voluntary dismissal was improper and because Mr. Mango seeks to avoid responsibility for filing a frivolous lawsuit including factual claims that are demonstrably false. Vox Media filed its Motion to Amend the Judgment (1) so that Mr. Mango's notice of voluntary dismissal can be vacated, (2) so that the Court may enter judgment against Mr. Mango, and (3) so that the Court may enter an appropriate Order allowing Vox Media to pursue its attorneys' fees. The termination of this case, before the Court could consider Vox Media's Motion to Dismiss (which included a request that Vox Media be granted time to seek its attorney's fees) should be amended under Fed. R. Civ. P. 59 so that this case may be reopened to prevent a manifest injustice.

**V. <u>In the Alternative, the Court Should Grant Vox Media's Pending Request for Leave to File a Motion for Attorney's Fees Under Fed. R. Civ. P. 54 (d).</u>**

In Vox Media's Motion to Dismiss, it made an explicit request for an extension of time to file a motion seeking its attorneys' fees. Please find below a true and correct screenshot from Vox Media's proposed order, as reflected in ECF 11-1.

> **ORDERED** that Vox Media, LLC shall have a period of thirty (30) days from the date of this order within which time it may file a motion seeking its attorneys' fees in connection with this matter.
>
> **SO ORDERED** this ____ day of ____________, 2024.

Thus, even if Fed. R. Civ. P. 59 were not the proper procedural rule under which to bring Vox Media's motion, Mr. Mango's attempts to avoid responsibility through procedural nitpicking should not trump the reality that his claim was frivolous and resulted in harm. Ironically, the cases relied on by Mr. Mango make clear that (1) this Court still has jurisdiction to consider Vox Media's request for attorney's fees, and (2) the 14-day timeline set forth in Fed. R. Civ. P. 54(d)(2)(B)(i) is inapplicable in this procedural context (which would also be inapplicable under the facts here because Vox Media had requested an extension of time to file a motion for attorneys' fees). Specifically, the *Honig* case makes clear that Courts are not deprived of jurisdiction to consider motions for attorney's fees after a notice of voluntary dismissal. *Honig*, 2024 WL at *3 n.2. Further, the *Smart Study* case makes clear that "a notice of voluntary dismissal is not a 'judgment' and does not trigger the 14-day clock in Rule 54(d)(2)(B)(i)." *Smart Study Co.*, 540 F. Supp. at 431.

Although Mr. Mango cited case law acknowledging that the 14-day day clock in Rule 54(d)(2)(B)(i) does not apply after a notice of voluntary dismissal, he nonetheless asserts the

incorrect standard that Vox Media must now show excusable neglect for missing that inapplicable deadline. However, Vox Media would easily meet such a standard where, as here, (1) case law from the Southern District of New York states that the 14-day clock does not apply, (2) Vox Media requested leave for additional time to file a motion for attorney's fees in its Motion to Dismiss, which long predated the notice of voluntary dismissal, and (3) the clerk terminated the case even though Vox Media's Motion to Dismiss was pending and that Motion to Dismiss highlighted that this was not Mr. Mango's first lawsuit for this exact claim.

Vox Media's Motion to Dismiss sets forth in great detail the frivolous nature of Mr. Mango's claims in the instant lawsuit. Mr. Mango should be held accountable for his reckless and frivolous copyright infringement lawsuits. Filing claims at volume should not be without consequence. Here, the claim was clearly filed outside of the statute of limitations, with demonstrably untrue allegations about his date of discovery. As set forth *supra*, this Court has jurisdiction and has the discretion to make further Orders in this matter, whether under Fed. R. Civ. P. 59 or Fed. R. Civ. P. 54. Vox Media respectfully requests that the Court correct a manifest injustice by reopening this case for further proceedings such that the Court may consider Vox Media's request for attorneys' fees.

## <u>CONCLUSION</u>

In sum, Mr. Mango argues form over substance because the substance of his actions are indefensible. It is clear from the record established by Vox Media's Motion to Dismiss (ECF 11-13), Motion to Amend the Judgment (ECF 17-19), and this Reply Memorandum that it would be a manifest injustice for Vox Media to bear the costs of investigating and responding to Mr. Mango's frivolous lawsuit. The termination of this case on the basis of Mr. Mango's voluntary dismissal, without further consideration of Vox Media's requests for consideration of an award of

attorneys' fees, would be a clear error in light of both Vox Media's prior pending Motion to Dismiss (which included a request for leave to file a Motion for Attorney's Fees long before the case was terminated) as well as Mr. Mango's prior lawsuit involving the same exact claim.

For the reasons set forth above and in Vox Media's Motion to Amend the Judgment and accompanying Memorandum of Law in Support thereof, Vox Media respectfully requests this Honorable Court enter an Order requiring Mr. Mango to pay Vox Media its reasonable attorneys' fees incurred in defending and prevailing against this entirely frivolous lawsuit. The Order should require the parties to meet and confer within 14 days to discuss the reasonable attorneys' fees, with the agreed amount to be paid by Mr. Mango within 30 days of the Order. If the parties are unable to agree on the amount, the Order should require the parties to submit a joint letter to the Court setting forth each party's position as to the amount of reasonable attorneys' fees within 30 days of the Order. In the alternative, Vox Media respectfully requests this Honorable Court grant Vox Media leave to file a Motion for Attorneys' Fees under Fed. R. Civ. P. 54 (d).

Respectfully submitted,

STEPTOE & JOHNSON PLLC

Date: November 5, 2024

/s/ Shane Rumbaugh

Shane M. Rumbaugh [5985957]
Tel: (412) 504-8145
Email: shane.rumbaugh@steptoe-johnson.com
Jennifer P. Richnafsky [4923595]
Tel : (412) 504-8018
Email : jen.richnafsky@steptoe-johnson.com
One PPG Place, Suite 3300
Pittsburgh, PA 15222

*Counsel for Vox Media, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document using the CM/ECF system, which then sent a Notice of Electronic Filing to all registered attorneys in this case, including the following counsel for Plaintiff:

Craig B. Sanders
Joshua D. Vera
Sanders Law Group
333 Earle Ovington Boulevard, Suite 402
Uniondale, NY 11553
csanders@sanderslaw.group
jvera@sanderslaw.group

Date: November 5, 2024

/s/ Shane Rumbaugh

STEPTOE & JOHNSON PLLC

Shane M. Rumbaugh [5985957]
Tel: (412) 504-8145
Email: shane.rumbaugh@steptoe-johnson.com
Jennifer P. Richnafsky [4923595]
Tel : (412) 504-8018
Email : jen.richnafsky@steptoe-johnson.com
One PPG Place, Suite 3300
Pittsburgh, PA 15222

*Counsel for Vox Media, LLC*