

333 EARL OVINGTON BOULEVARD, SUITE 402
UNIONDALE, NEW YORK 11553
T: 516-203-7600
F: 516-282-7878

December 4, 2024

**VIA ECF**
Hon. Alvin K. Hellerstein, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007

      Re: *Gregory Mango v. Vox Media, LLC*,
          Case No. 1:24-cv-04490-AKH

Dear Judge Hellerstein:

      We are outgoing-counsel[1] for the plaintiff Gregory Mango ("*Plaintiff*") in the above captioned action. Pursuant to Paragraphs 1(A) and 4(B) of Your Honor's Individual Practices, I write on behalf of myself and Craig B. Sanders to respectfully move this Court for leave to file our respective responses to the Court's November 14, 2024, Order to Show Cause (*Dkt. No. 23*), *ex parte* to Your Honor's chambers or *ex parte* under seal.

      Mr. Sanders and I make the instant request in consideration that our responses to the Court's Order to Show Cause necessitate the disclosure of attorney-client privileged material and, while the disclosure of such material is authorized under these circumstances, said material otherwise remains privileged and confidential and therefore should not be subject to general disclosure to the public. To that end, we request leave of Court to submit our respective responses *ex parte* directly to Your Honor's Chambers with copies of same served upon Plaintiff or, alternatively, leave to file our respective responses *ex parte* under seal.

      In determining whether documents may be placed under seal, the court 'must determine the weight' of the presumption in favor of public access, as the "First Amendment and common law rights of public access to judicial documents are not unlimited." *Suber v. VVP Servs., LLC*, No. 20-CV-8177 (AJN), 2023 WL 4817551, at *4 (S.D.N.Y. July 27, 2023). One such higher value is the attorney-client privilege. *Id*. A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice. *Id*.

---

[1]     An AO154 substitution of attorney form for incoming counsel was submitted on December 4, 2024 (*Dkt. No. 25*).

The Court has directed Mr. Sanders and myself to individually disclose whether this lawsuit was client-initiated or attorney-initiated as well as explain the substance of our factual investigations both preceding the filing of the instant case, and our actions thereafter. In addition, Your Honor directed Mr. Sanders and myself to explain why potential sanctions are not warranted against either of us individually, as opposed to against the Plaintiff. To respond to the Court's inquiry will necessarily require the disclosure of communications between Plaintiff and his counsel, which were intended to be (and have been) kept confidential and made for the purpose of obtaining and/or providing legal advice. Further, to fully inform the Court as to the conduct of counsel during the pendency of this matter, we are also required to provide privileged and/or confidential information occurring subsequent to the initiation of the instant lawsuit, further contributing to the need to submit such information under seal.

Accordingly, we ask that the Court authorize the responses to the Order to Show Cause to be submitted by Messrs. Sanders and Vera to be filed *ex parte* directly to Your Honor's Chambers or, alternatively, *ex parte* under seal.

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/ *Joshua D. Vera*
Joshua D. Vera
*Outgoing counsel for Plaintiff*